IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| United States of America, | C/A No. 3:19-3153-JFA-PJG |
| Plaintiff, | |
| v. | **ORDER** |
| Judith Whisnant as Personal Representative of the Estate of Arthur J. Whisnant, Jr., | |
| Defendant. | |

The Government filed this action seeking a judgment against Arthur J. Whisnant, Jr., originally a self-represented defendant, for unpaid federal income taxes. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings, including consideration of the Government's motion for summary judgment. (ECF No. 31).

After reviewing the motion for summary judgment and all responsive briefing, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report"). (ECF No. 37). Within the Report, the Magistrate Judge opines that the Government's motion for summary judgment (ECF No. 31) should be granted. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

1

After the Report was filed, but prior to the expiration of the time to file objections thereto, this Court was notified of Arthur J. Whisnant, Jr.'s passing. (ECF No. 40). Consequently, the Court granted the Government's motion to substitute Judith Whisnant, as Personal Representative of the Estate of Arthur J. Whisnant, Jr., as the proper defendant in place of Arthur J. Whisnant, Jr. (ECF No. 45). The Court also extended the time for this newly substituted party to file objections to the Report. However, Defendant, through counsel, expressly declined to offer any objections to the Report. (ECF No. 52). Thus, this matter is ripe for review.

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, Defendant has failed to raise any objections and therefore this Court is not required to give an explanation for adopting the recommendation. A review of the Report indicates that the Magistrate Judge correctly concluded that the Government's motion for summary judgment should be granted.

After carefully reviewing the applicable laws, the record in this case, and the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and incorporates it herein by reference.

(ECF No. 37). Consequently, the Government's motion for summary judgment (ECF No. 31) is granted. The clerk is ordered to enter judgment against Defendant for unpaid federal income tax assessments for the 2006, 2007, and 2008 tax years in the amount of $1,886,190.75, as of December 1, 2020, plus interest pursuant to 26 U.S.C. §§ 6621 and 6622.

IT IS SO ORDERED.

December 7, 2021  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge